IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  | |
|---|---|---|---|
| MARVIN G. BLAND, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.  06-3072 | |
| | ) | | |
| RICHARD RAHAR and | ) | | |
| ADAM LADAGE, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendants' Motion for Summary Judgment (d/e 36) (Motion for Summary Judgment II). In an October 31, 2007 Opinion (d/e 40), the Court granted summary judgment for Defendants Pana Police Officers Richard Rahar and Adam Ladage on Count II and the City of Pana on Count III, but reserved judgment on Count I pending Plaintiff Marvin G. Bland's amendment of his disclosures in Bankruptcy Court to reflect the Count I claims against Rahar and Ladage and the Bankruptcy Trustee's decision on whether to intervene in this action on behalf of Bland's creditors. Bland has amended his Bankruptcy

1

disclosures. See Bankruptcy Case No. 05-7392 Docket Sheet (d/e 43); Bankruptcy Case No. 05-7392 Amended Schedule B (d/e 44). However, the Bankruptcy Trustee has abandoned the instant claims. See Objection to Plaintiff's Motion for Extension of Time and for Reconsideration (d/e 42), Exhibit 1, Bankruptcy Trustee's Amended Notice of Intent to Abandon. After considering Defendants' Brief Regarding Effect of Bankruptcy Trustee's Abandonment (d/e 45) and Plaintiff's Memorandum on Issue of Judicial Estoppel (d/e 46), the Court concludes that Bland is judicially estopped from pursuing the instant claims. For the reasons stated below, the Court grants Defendants summary judgment on Count I.

A motion for summary judgment must be granted "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In determining whether a genuine issue exists, courts should

2

construe "all facts and reasonable inferences from the record in the light most favorable to . . ., the non-moving party." Moser v. Ind. Dept. of Corr., 406 F.3d 895, 900 (7th Cir. 2005).

Bland was injured in an altercation with Rahar and Ladage on April 27, 2004, when the officers arrested him in the course of investigating an alleged robbery. On April 19, 2006, Bland filed a three-count Complaint in this Court alleging violations of 42 U.S.C. § 1983. Complaint (d/e 1). Count I alleges that the force Rahar and Ladage employed against Bland in effecting his arrest violated his Fourth Amendment right to be free of unreasonable seizure.

More than a year after the arrest, but before filing this Complaint, however, Bland filed a Petition for Chapter 7 Bankruptcy in the United State Bankruptcy Court for the Central District of Illinois. He reported in his Petition that he had no contingent or unliquidated claims. On October 1, 2005, the Bankruptcy Court issued an Order of Discharge.

On August 16, 2006, after Defendants filed a summary judgment motion in the instant case (d/e 26) (Motion for Summary Judgment I) noting Bland's failure to declare his § 1983 claims in his bankruptcy action, Bland filed a motion to reopen his bankruptcy case to list the instant case

3

as a contingent and unliquidated claim. The Bankruptcy Court granted his motion on October 6, 2006. He filed an Amended Schedule B describing this claim, but noting only that the City of Pana was a Defendant. <u>Motion for Summary Judgment, Exhibit 3 Part 2</u>, at 22.

On August 31, 2007, Defendants filed their Motion for Summary Judgment II, which, among other theories, again raised judicial estoppel as grounds for summary judgment. The Court granted Defendants partial summary judgment but held that Bland's Count I claims against Ladage and Rahar might survive, if Bland amended his bankruptcy disclosures to reflect these claims and if the Bankruptcy Trustee intervened to prosecute the action on behalf of Bland's creditors. Because Bland amended his disclosures but the Bankruptcy Trustee then abandoned the action, the Court now must determine whether Bland's allegedly unintentional failure to disclose these claims initially judicially estops him from pursuing them on his own behalf.

The doctrine of judicial estoppel is applied to prevent litigants from "'playing fast and loose with the courts.'" <u>Matter of Cassidy</u>, 892 F.2d 637, 641 (7th Cir. 1990). "A debtor in bankruptcy who receives a discharge (and thus a personal financial benefit) by representing that he has no valuable

4

choses in action cannot turn around after the bankruptcy ends and recover on a supposedly nonexistent claim." Biesek v. Soo Line R. Co., 440 F.3d 410, 412 (7th Cir. 2006). Because a bankruptcy debtor's estate technically owns all pre-bankruptcy claims, the estate may opt to pursue the claim on behalf of the debtor's creditors. Id. at 413-14. "But if the estate (through the trustee) abandons the claim, then the creditors no longer have an interest, and with the claim in the debtor's hands the possibility of judicial estoppel comes to the fore." Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006).

The situation in Cannon-Stokes, where the Seventh Circuit held the plaintiff's claim judicially estopped, is similar but not identical to the one facing the Court here. In both cases, the plaintiff's estate abandoned the action. In Cannon-Stokes, however, the plaintiff never demonstrated any willingness to benefit her creditors: she never attempted to amend her bankruptcy disclosures to reflect her claim. Id. The Seventh Circuit concluded that such failure to rectify a previous misstatement suggested that she deliberately concealed her action in the bankruptcy case -- exactly what the doctrine of judicial estoppel is intended to punish. Id. Here, Bland quickly moved to amend his bankruptcy disclosures after Defendants

5

pointed out Bland's previous failure.

However, the Court finds that that does not matter.  The Fifth Circuit has held that reopening a bankruptcy proceeding does not demonstrate the inadvertence of an initial failure to disclose.  See, e.g., In re Superior Crewboats, Inc., 374 F.3d 330, 335-36 (5th Cir. 2004) (recognizing judicial estoppel despite a request to reopen the bankruptcy case).  The Tenth Circuit also has concluded that amending bankruptcy disclosures does not conclusively demonstrate inadvertence, but the Tenth Circuit further held that policy favors finding judicial estoppel in all such cases:

> Allowing Gardner to "back up" and benefit from the reopening of his bankruptcy only after his omission had been exposed would "suggest[] that a debtor should consider disclosing potential assets only if he is caught concealing them.  This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets."  Burnes, 291 F.3d at 1288.

Eastman v. Union Pacific R. Co., 493 F.3d 1151, 1160 (10th Cir. 2007).

Seventh Circuit case law falls in line.  Bland is correct that Cannon-Stokes is peppered with language regarding intent, and the Seventh Circuit held that "a debtor in bankruptcy is bound by her own representations, no matter why they were made, *at least until the debtor moves to amend the disclosures* and pay the creditors their due." Cannon-Stokes, 453 F.3d at 449

6

(emphasis added).  Yet, the balance of the opinion suggests that even if a creditor moves to correct an unintentional failure to disclose, if the estate abandons the action, the creditor cannot pursue it.  In a subsequent nonprecedential decision, the Seventh Circuit cited Cannon-Stokes for just that principal.  See Becker v. Verizon North, Inc., 2007 WL 1224039, at *1 (7th Cir. April 25, 2007) (citing Cannon-Stokes, 453 F.3d at 449).  In fact, Becker appears to go further, suggesting that intent is irrelevant: "Becker intimates that her failure to disclose this lawsuit in her sworn financial statement was unintentional, but her subjective intent does not matter." Id. Under this theory, whether Bland's failure to disclose was an intentional fraud on the court or merely a mistake makes no difference.  As this statement is mere dicta in a nonprecedential decision, however, the Court will not rely on it in ruling here.

Instead, the Court holds that in some circumstances, it may be appropriate to resist application of judicial estoppel where a creditor innocently and inadvertently failed to disclose an existing claim in his bankruptcy disclosures.  See New Hampshire v. Maine, 532 U.S. 742, 753 (2001).  The Court is persuaded, though, by a line of circuit cases holding that a creditor's failure to disclose a cause of action in Bankruptcy Court

7

should be deemed inadvertent or mistaken only when the debtor either lacked knowledge of the factual basis of the undisclosed claim or had no motive to conceal. See, e.g., In re Superior Crewboats, Inc., 374 F.3d at 335; Barger v. City of Cartersville, 348 F.3d 1289, 1294 (11th Cir. 2003); Browning v. Levy, 283 F.3d 761, 776 (6th Cir. 2002); In re Coastal Plains, Inc., 179 F.3d 197, 210 (5th Cir. 1999). Here, Bland knew of his claim, because he was involved in the alleged altercation with Rahar and Ladage more than a year before he filed for bankruptcy. And whether he acted on it or not, he had motive to conceal. The Bankruptcy Court discharged his debts based on his representations regarding his lack of assets; if he had recovered on this case without disclosing it to his creditors, he would have reaped a windfall. Whether or not Bland knowingly concealed this cause of action, the Court finds no grounds to excuse his failure to disclose.

That conclusion may be harsh, given that Bland claims he did not understand the disclosure requirements and relied on his attorney's mistaken advice that disclosure of the instant claims was unnecessary. See Memorandum on Issue of Judicial Estoppel, at 5. Yet, "[t]he doctrine of estoppel is intended to protect the courts rather than the litigants." Matter of Cassidy, 892 F.2d at 641. As the Seventh Circuit noted in Cannon-

Stokes:

> [B]ad legal advice does not relieve the client of the consequences of her own acts. A lawyer is the client's agent, and the client is bound by the consequences of advice that the client chooses to follow.

Id. at 449. Bland is bound by his prior representations and judicially estopped from pursuing this action.

THEREFORE, Defendants' Motion for Summary Judgment (d/e 36) is ALLOWED on Count I, the only remaining count. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: January 9, 2008

    FOR THE COURT:

                        s/ Jeanne E. Scott
                        JEANNE E. SCOTT
            UNITED STATES DISTRICT JUDGE